IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMY LYNN CANTU | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | |
| SAM'S EAST, INC. D/B/A SAM'S CLUB | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, SAM'S EAST, INC ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I.
### RELEVANT FACTS

1. Plaintiff, Amy Lynn Cantu, claims she slipped and fell on a liquid substance on the floor of the Sam's Club located at 10488 Katy Freeway in Houston, Texas. *See* Pl.'s Orig. Pet. (Ex. A) at Pg. 2. Plaintiff asserts a claim of negligence against Defendant. *See id.* at Pgs. 3 – 4. Plaintiff's lawsuit expressly alleges that she is seeking damages over $250,000.00, but less than $1,000,000.00. *See id.* at Pg. 1.

2. Plaintiff served Defendant with her Original Petition on August 16, 2022. *See* Ex. A.

### II.
### THE PARTIES

3. Plaintiff pleaded that she resides in Harris County, Texas. *See* Ex. A at Pg. 1. As such, Plaintiff is a citizen of the State of Texas.

4. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004). Sam's East, Inc. is a Delaware corporation with its principal place of business in Arkansas.

5. The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

### III.
### BASIS FOR REMOVAL

6. Defendant removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**A. There is complete diversity of citizenship.**

7. As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant is composed of companies organized under the laws of Delaware and Arkansas, with its principal place of business in the State of Arkansas. None of Defendant's partners or members are citizens of the State of Texas. As such, Defendant has met its burden of establishing that diversity of citizenship exists between the parties.

**B. The amount in controversy requirement is met.**

8. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that he seeks monetary relief from his lawsuit of over $250,000.00, but less than $1,000,000.00. *See* Ex. A at Pg. 5.

**C. This removal is timely and venue is proper.**

9. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Defendant, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**D. Procedural requirements for removal are satisfied.**

10. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 400th Judicial District Court, Fort Bend County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## IV.
## CONCLUSION AND PRAYER

Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00, and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ Bryce Buchmann*
John A. Ramirez
Attorney in Charge
TBN: 00798450
FBN: 21280
Bryce Buchmann
TBN: 24070550
FBN: 3783069
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone

>(713) 622-8077 Telecopier
>jramirez.atty@bushramirez.com
>bbuchmann.atty@bushramirez.com
>
>ATTORNEYS FOR DEFENDANT,
>SAM'S EAST, INC d/b/a SAM'S CLUB

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the RULES OF CIVIL PROCEDURE on this the 12th day of September 2022.

Zachary A. Zapata
809 Main St., Ste. 4
Alamo, TX 78516

Gerardo P. Pereira
9026 Richmond Ave.
Houston, TX 77063

>*/s/ Bryce Buchmann*
>John A. Ramirez | Bryce Buchmann