

| | |
|---|---|
| | CT Corporation<br>Service of Process Notification<br>08/16/2022<br>CT Log Number 542131078 |

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** Process Served in Texas

**FOR:** Sam's East, Inc.  (Domestic State: AR)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CANTU AMY LYNN // To: Sam's East, Inc. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Certificate(s) |
| **COURT/AGENCY:** | 281st Judicial District Court of Harris County, TX<br>Case # 202244250 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 12/06/2020 - 10488 Katy Freeway in Houston, Texas |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/16/2022 postmarked on 08/12/2022 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | Zach A. Zapata<br>Dang & Zapata Law Firm, PLLC<br>809 Main St., Ste. 4<br>Alamo, TX 78516<br>956-884-0422 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/17/2022, Expected Purge Date: 08/27/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT A



disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.






U.S. POSTAGE PAID
PM MCALLEN, TX
78501
AUG 12, 22
AMOUNT
$16.20
R2304M115660122-22

AUG 12 2022

VISIT US AT USPS.CO
ORDER FREE SUPPLIES ONLI

AUG 12 2022
75201

CERTIFIED MAIL
7022 0410 0002 8353 8782

PRIORITY MAIL

FROM: P.O. Box 5656
McAllen, TX 78502

RETURN RECEIPT REQUESTED

TO: CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL

PRESS FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE

PRIORITY MAIL

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

RETURN RECEIPT REQUESTED

To schedule free Package Pickup, scan the QR code.

EP14F May 2020
PS00001000014

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202244250

RECEIPT NO: 971639 TRACKING NO: 74030307
EML

| Plaintiff:<br>CANTU, AMY<br>vs.<br>Defendant:<br>SAM'S EAST INC (D/B/A SAM'S CLUB) | In The 281st<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:** **SAM'S EAST INC (D/B/A SAM'S CLUB) (A FOREIGN CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900, DALLAS TX 75201-3136**
**OR WHEREVER THEY MAY BE SERVED**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on July 25, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on July 26, 2022, under my hand and seal of said court.



Issued at the request of:

ZAPATA, ZACH A.
809 MAIN ST STE 4
ALAMO, TX 78516
956-884-0422
Bar Number: 24110880

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: carolina salgado

EMI.

Tracking Number: 74030307

## CAUSE NUMBER: 202244250

| | |
|---|---|
| PLAINTIFF: CANTU, AMY | In the 281st |
| vs. | Judicial District Court of |
| DEFENDANT: SAM'S EAST INC (D/B/A SAM'S CLUB) | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
             Affiant                                                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

7/25/2022 10:11 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66619013
By: Carolina Salgado
Filed: 7/25/2022 10:11 AM

CAUSE NO. 202244250

| | | |
|---|---|---|
| AMY LYNN CANTU<br>Plaintiffs | §<br>§<br>§<br>§ | IN THE JUDICIAL DISTRICT |
| v. | §<br>§<br>§ | _____DISTRICT COURT |
| SAM'S EAST, INC. D/B/A SAM'S CLUB<br>Defendant | §<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES AMY CANTU hereinafter called "Plaintiff," complaining of and about SAM'S EAST, INC. D/B/A SAM'S CLUB hereinafter called "Defendant" or "Sam's" and for cause of action shows unto the Court the following:

### 1. DISCOVERY CONTROL PLAN

Plaintiffs intend to prosecute this case under Discovery Control Plan 2

### 2. RULE 47 STATEMENT

Plaintiffs seek monetary relief of more than $250,000 but less than $1,000,000

### 3. PARTIES

Plaintiff is an individual and resident of Harris County, Texas.

Defendant SAM'S EAST, INC. D/B/A SAM'S CLUB is a foreign corporation who may be served with process through their registered agent at:

CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75021-3136

Or wherever they may be served.

Defendant is amenable to service of process by a Texas court.

## 4. JURISDICTION

This court has jurisdiction over the parties because all either reside in Texas, or do business in Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court. This court has the statutory power to declare rights, status, and other legal relations pursuant to Tex. Civ. Prac. & Rem. Code§ 37.003, whether or not further relief is or could be claimed.

## 5. VENUE

Venue is proper in Harris County, Texas because the incident made the basis of this suit occurred in Harris County.

## 6. FACTS

On or about December 6, 2020 Plaintiff Amy Cantu was visiting the Sam's Club located at 10488 Katy Freeway in Houston, Texas to do some shopping. As Ms. Cantu was walking on the premises she slipped on a liquid substance on the floor.

Plaintiff's pain is and continues to be sharp, constant and severe. The effect of her injuries are permanent in nature, and in reasonable probability, Plaintiff will suffer for a long time into the future if not for the balance of her natural life.

## 7. NEGLIGENCE

At all times herein, Defendant owned the property located at 10488 Katy Freeway, Houston, Texas. At all times mentioned herein, Defendant SAM'S EAST, INC. D/B/A SAM'C CLUB, owed certain dutues to Plaintiff, breach of which proximately caused her injuries set forth herein. The presence of the object persisted despite the fact that Defendant, SAM'S EAST, INC., its agents, representatives and/or servants know or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Further, Plaintiff would show that the dangerous condition had persisted for such a period of time that had Defendant, SAM'S EAST, INC., its agents, representatives and/or servants exercised ordinary care in the maintenance of the area, it would have been noticed and corrected by such persons.

At all times pertinent herein, Defendant, SAM'S EAST, INC. D/B/A SAM'S CLUB, its agents, representatives and/or servants were acting in the course and scope of their employment with Defendant Sam's, and were guilty of negligent conduct toward the Plaintiff in the following manner:

- In creating and causing the dangerous condition of the substance to be on the floor;
- In failing to properly inspect and maintain the area in question to discover the dangerous condition;
- In failing to maintain the area in a reasonably safe condition;
- In failing to give adequate warning to Plaintiff of the unsafe condition of the area;

- In failing to discover the unsecured area in Defendant's premises within a reasonable time.

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's resulting injuries and damages. The evidence will further show that because of Defendant's negligence, Plaintiff's resulting injuries and damages were proximately caused by some one or more, but not limited to the following acts of negligence on the part of the Defendant:

- In failing to use ordinary care in supervising its employees;
- In failing to use ordinary care in training its employees on the proper manner in which to maintain Defendant's area free of unsafe conditions on its premises;
- In failing to implement proper policies, rules, and/or procedures to make the premises reasonably safe;
- In failing to enforce proper policies, rules, and/or procedures to make the premises reasonably safe;
- In failing to provide a First Aid kit and/or other appropriate medical equipment for customers and employees to use in case of emergency;
- In failing to use ordinary care in hiring employees;

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's resulting injuries and damages.

## 8. DAMAGES

Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiff's

health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life.

As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

As a direct and proximate result of Defendant's breach of duty, Plaintiff was caused to incur the following damages:

a) Reasonable and necessary medical care and expenses in the past;
b) Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;
c) Physical pain and suffering in the past;
d) Physical pain and suffering that will, in reasonable probability, be suffered in the future;
e) Physical impairment in the past;
f) Physical impairment that will, in reasonable probability, be suffered in the future;
g) Mental anguish in the past;
h) Mental anguish that will, in reasonable probability, be suffered in the future;
i) Lost wages;
j) Loss of earning capacity in the past;
k) Loss of earning capacity that will, in reasonable probability, be incurred in the future;

  l) Disfigurement in the past;
  m) Disfigurement that will, in reasonable probability, be suffered in the future; and
  n) Exemplary Damages

## 9. PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## 10. MISNOMER

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils", should be pierced to hold such parties properly included in the interest of justice.

## 11. JURY FEE

Plaintiff demands a trial by jury, and shall tender the jury fee.

## 12. RESERVATION OF RIGHTS

Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend their petition and add additional counts and/or parties as discovery continues.

## 13. NOTICE PURSUANT RULE 193.7

This will serve as formal written notice to you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedures, of the Plaintiff intends to use at trial any and all documents, which you have produced on behalf of the Defendants in response to any formal written discovery request, and any and all supplemental and/or amended responses to any formal written discovery requests, including, but not limited to, answers to interrogatories; responses to requests for production; responses to requests for disclosures, affidavit, deposition on written questions, Rule 11, or any documents and things created and/or produced by Defendants from any source, and provided to the Plaintiffs.

## 14. CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred.

## 15. SELF-AUTHENTICATION PURSUANT TO RULE 193.7

This serves as notice, pursuant to Tex. R. Civ. P. 193.7, that Defendants' production of any document, in response to any of Plaintiffs' written discovery requests, authenticates the document for use against the Defendant in any pretrial proceeding or at trial, unless, within 10 days after receiving this notice, the Defendant objects to the authenticity of the document, or any part thereof, stating the specific basis for the objection.

## 16. PRAYER

WHEREFORE, Plaintiffs pray that, on final trial, Plaintiffs have:

A. Judgment against Defendant within the jurisdictional limits of this court.

B. Pre-judgment and Post-judgment interest

C. Costs of suit

D. Injunctive relief to obtain pertinent evidence

E. All such other relief, at law or at equity, to which Plaintiffs may show themselves to be entitled.

Respectfully submitted,

**DANG & ZAPATA LAW FIRM, PLLC**

/s/ *Zachary A. Zapata*
Zachary A. Zapata
State Bar No. 24110880
zach@danglawgroup.com
809 Main St., Ste. 4
Alamo, TX 78516
Tel: (956) 884-0422
Fax (512) 276-6638


**PEREIRA LAW FIRM, PLLC**

/s/ *Gerardo P. Pereira*
Gerardo P. Pereira
State Bar No. 24101136
office@pereira.law
9026 Richmond Ave.
Houston, TX 77063
Tel. (713) 952-5282
Fax. (713) 271-5012

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

ZACHARY ZAPATA on behalf of ZACHARY ZAPATA
Bar No. 24110880
zachzapatalaw@gmail.com
Envelope ID: 66619013
Status as of 7/25/2022 10:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zach A.Zapata | | Zach@danglawgroup.com | 7/25/2022 10:11:53 AM | SENT |
| Audrey Correa | | Audrey@danglawgroup.com | 7/25/2022 10:11:53 AM | SENT |
| Gerardo P.Pereira | | office@pereiralaw.com | 7/25/2022 10:11:53 AM | ERROR |